UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SILVER STREET INC.,

                   Plaintiff,

       -against-

U.S. BANK, NATIONAL ASSOCIATION,
*Individually and as Trustee for* RASC
2007EMX1,

                  Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 18-CV-02013 (FB) (VMS)

Appearances:

| *For the Plaintiff*: | *For the Defendant*: |
|---|---|
| STEVEN A. BIOLSI | DANA MARIE CARRERA |
| Biolsi Law Group P.C. | McGlinchey Stafford |
| 111 Broadway, Suite 606 | 112 West 34th Street, Suite 1515 |
| New York, NY 10006 | New York, NY 10120 |

**BLOCK, Senior District Judge:**

Pending before the Court is U.S. Bank's[1] motion for summary judgment. This

is a quiet title action by plaintiff Silver Street, Inc.[2] Silver Street is in possession of

some real estate in Queens ("Subject Property"). The Subject Property was

---

[1] The defendant is sued as "U.S. Bank, National Association, Individually and as Trustee for RASC 2007EMX1." In its moving papers, it identifies itself as "U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-EMX1." For brevity, the Court refers to it here as "U.S. Bank."

[2] The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

transferred to Silver Street by non-party Jacinto Gonzaga ("Borrower"), who had previously taken out a mortgage on it in favor of U.S. Bank. The gravamen of the parties' dispute is whether U.S. Bank's mortgage on the Subject Property is now time-barred. The Court finds that it is not time-barred and grants U.S. Bank's summary judgment motion. Accordingly, the action is dismissed with prejudice.

**I.**

"Summary judgment is properly granted when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). "All ambiguities must be resolved in favor of the non-moving party and all permissible inferences from the factual record must be drawn in that party's favor." *Id.* The non-moving party must "set[] forth specific facts showing that there exists a genuine issue of material fact." *Rule v. Brine, Inc.*, 85 F.3d 1002 (2d Cir. 1996). In doing so, the party "cannot rely on the allegations in his or her pleadings, conclusory statements, or on 'mere assertions that affidavits supporting the motion are not credible.'" *Culleton v. Honeywell Int'l, Inc.*, 257 F. Supp. 3d 333, 340 (E.D.N.Y. 2017).

Except as noted, the parties agree on all material facts. In September 2006, the Borrower borrowed approximately $760,000 from an entity called Mortgage Lenders Network USA, Inc., encumbering the Subject Property. The mortgage and note accompanying this loan were duly recorded. Over the course of several years,

the loan traveled through multiple entities, eventually reaching U.S. Bank. Sometime in 2009, the Borrower defaulted on his obligation and U.S. Bank commenced a foreclosure action. In 2010, however, the parties executed and recorded a loan modification agreement ("Loan Modification"), causing U.S. Bank to discontinue the foreclosure action.[3] The Borrower soon again defaulted on his obligation, and in 2015, U.S. Bank commenced a new foreclosure action. In 2017, however, apparently while the 2015 foreclosure action was still pending, the Borrower transferred the property to Silver Street by bargain and sale deed. Silver Street, now in possession of the property, argues that U.S. Bank's interest is time-barred.

## II.

Silver Street spends considerable time arguing that the Loan Modification was ineffective because GMAC Mortgage and not U.S. Bank signed it. In response, U.S. Bank offers affidavits that explain that GMAC Mortgage was the loan servicer at the time of the Loan Modification. Silver Street challenges those affidavits as hearsay; U.S. Bank replies that the business record exception to the hearsay rule applies.

---

[3] Silver Street disputes this statement, but its dispute is not about the existence or legitimacy of the Loan Modification, but only of its consequence. In particular, it notes that the Loan Modification was made between the Borrower and an entity called GMAC Mortgage, LLC, not, U.S. Bank. Because GMAC Mortgage was not the Borrower's lender, Silver Street argues, the Loan Modification "modified nothing as it relates to the unenforceable mortgage giving rise to this mortgage discharge action." Pl. 56.1 Stmt. ¶ 3.

All of this is largely a distraction, however, because the fact remains that U.S. Bank withdrew its 2009 foreclosure action in 2010. The premise of Silver Street's contention that U.S. Bank's interest is time-barred is based entirely on that foreclosure action, which accelerated the loan.[4] But New York law allows lenders to revoke a loan acceleration by an affirmative act. *Fed. Nat'l. Mortg. Ass'n v. Mebane*, 208 A.D.2d 892, 894 (N.Y. App. Div. 1994). New York courts routinely treat discontinuances of foreclosure actions as examples of such affirmative acts that reset the statute of limitations. *See, e.g., U.S. Bank N.A. v. Wongsonadi*, 703762/2015, 2017 WL 1333442, at *3 (N.Y. Sup. Ct. Apr. 5, 2017); *see also Mebane*, 208 A.D.2d at 894 ("[A] lender may revoke its election to accelerate all sums due under an optional acceleration clause in a mortgage provided that there is no change in the borrower's position in reliance thereon[.]"); *Golden v. Ramapo Improvement Corp.*, 78 A.D.2d 648, 650 (N.Y. App. Div. 1980) ("[O]nly if a mortgagor can show substantial prejudice will a court in the exercise of its equity jurisdiction restrain the mortgagee from revoking its election to accelerate.").

Silver Street's only response is that "the mere voluntary discontinuance of a mortgage foreclosure does not always operate as an affirmative act of revoking a

---

[4] The applicable statute of limitations is six years. N.Y. C.P.L.R. 213(4). Thus, if the acceleration caused by the 2009 foreclosure action was still in effect, the loan would now be time-barred. If it was not, and assuming the acceleration caused by the 2015 foreclosure action is in effect, the statute of limitations would run out in 2021.

prior acceleration as a matter of law. The conduct of the parties and the material facts giving rise [to] the ultimate discontinuance may prove something utterly different." Pl. Reply. Br. at 13. But such a conclusory warning with no elaboration or legal authority is insufficient. The nonmoving party must still "come forward with '*specific facts* showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed R. Civ. P. 56(e) (emphasis added and removed)). Besides demonstrating that it withdrew its earlier foreclosure action, U.S. Bank also shows that the Borrower made payments after the foreclosure was withdrawn (presumably in reliance on the Loan Modification). This reset—or, at minimum, tolled—the statute of limitations. *See U.S. Bank N.A. v. Balderston*, 163 A.D.3d 1482, 1484 (N.Y. App. Div. 2018).

The combination of these payments and the Loan Modification itself (an undoubtedly admissible publicly recorded document, *see* Fed. R. Evid. 803(14)) is a satisfactory demonstration that there is no genuine dispute as to whether the statute of limitations has run. Silver Street's threadbare assertion that there may be some other basis for the withdrawal is precisely the sort of "conclusory statement[]" on which a party resisting summary judgment "cannot rely." *Culleton*, 257 F. Supp. 3d at 450. U.S. Bank's motion for summary judgment is granted and the case is

dismissed.

**SO ORDERED.**

                                                    **/S/ Frederic Block**
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
May 6, 2019